**Francis M. Smith, Appellant, v. Roy E. Swigart, Appellee.**

**Gen. No. 5,085.**

1. TRIAL—*when remarks of counsel not improper.* It is not improper for counsel to state in opening: "We are at a sad disadvantage in this case, our client being in California," the fact being that such client was not present at the trial.

2. DEPOSITIONS—*when objections come too late.* An objection to either question or answer in a deposition which can be obviated by re-taking the deposition, cannot first be made at the trial, but must be made on a motion to suppress that part of the deposition in apt time before the trial to permit the party to re-take the deposition if desired.

3. APPEALS AND ERRORS—*when abstract insufficient to save question.* If error is assigned upon the giving of an instruction the abstract must show that the giving of such instruction was excepted to.

4. APPEALS AND ERRORS—*what essential to save question of sufficiency of evidence.* In order to save for review the question of the sufficiency of the evidence to sustain a verdict and judgment, the abstract should show that the party seeking to raise such question moved for a new trial and excepted to the action of the court in denying the same.

Action commenced before justice of the peace. Appeal from the Circuit Court of Lee county; the Hon. R. S. FARRAND, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 24, 1909.

MARK C. KELLER, for appellant.

WINGERT & WINGERT, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee lived in Lee county and owned a farm there of 120 acres, and had bought land in California, and was about to remove there, and had listed his Lee county land for sale with appellant for $18,000 cash, and had agreed to give appellant $120 to sell the farm. Appellant induced him to reduce the price to $16,000 and to agree to sell the land upon a written contract partly on time. Appellant found one Hughes, who orally agreed to pay $16,000, partly in cash and partly on time, and thereafter appellee told various persons that he had sold his farm to Hughes. Appellee and Hughes met a few days later for the purpose of entering into a written contract, when it was found that they were not agreed upon the terms, and no written contract was prepared or executed, and the proposed sale was abandoned. Appellant claimed that he had done all that he was required to do to entitle him to the commission, and brought this suit therefor, and recovered before a justice, but upon the trial of the cause in the Circuit Court on appeal he was defeated and he now appeals to this court.

In opening the case to the jury appellee's counsel said: "We are at a sad disadvantage in this case, our client being in California." It is argued that this language was improper. The record shows that appellee had removed to California, and that his deposition was taken before the removal. He was not present at the trial. It was a fact that it was a disadvantage to appellee that he was not present to testify in reply to various mat-

ters of proof introduced by appellant, and we fail to see why it was improper to state that circumstance to the jury.

Appellant complains of the overruling of an objection to a question put to appellee. This question was put in the taking of the deposition of appellee. The objection was made at the trial and the record shows that the objection was only that the question was leading. An objection to either question or answer in a deposition which can be obviated by retaking the deposition cannot first be made at the trial, but must be made upon a motion to suppress that part of the deposition in apt time before the trial to permit the party to retake the deposition if desired. It was not error to overrule the objection at the trial.

The abstract presents no other question for our consideration. Appellant contends that the court erred in giving an instruction for appellee. The abstract does not show that appellant excepted to the giving of the instruction.

Appellant argues that the verdict is not supported by the evidence. In order to preserve that question for review it was essential that appellant should move for a new trial and should preserve in his bill of exceptions an exception to the order overruling the motion for a new trial. The abstract of the bill of exceptions in this case shows that some one moved for a new trial and that the motion was denied and that some one moved in arrest of judgment and that that motion was denied. It does not show who made these motions, nor any exception to their denial. The abstract therefore does not preserve for review the questions above raised. Rule 16 of this court (137 Ill. App. 625) requires the abstract to fully present every exception relied upon and every error alleged. It is the universal rule in all courts of appeal in Illinois that the abstract must show the errors alleged.

We have, however, looked into the evidence and are satisfied that on the merits the jury were warranted

in finding that the appellant had no cause of action. Even on the testimony offered by appellant it is very doubtful whether in conversation between Hughes and appellee any time had been fixed when Hughes would be bound to make the last payment and when appellee would be bound to make a deed. If the testimony offered by appellee is true, it is clear that that part of the contract had not yet been arranged. The serious disagreement, however, was over another matter. There were upon the premises three mortgages for the total principal sum of $5,200, each past due. Hughes was to assume these mortgages, and he claims that appellee told him that the mortgages could remain as long as he kept up the interest. Appellee claims that what he told Hughes was that so far as he knew the mortgages could be allowed to remain. Before the parties met to have a written contract prepared appellee had ascertained that some, at least, of the mortgagees wished the mortgages paid. Appellee claimed that Hughes unqualifiedly agreed to assume the mortgages. Hughes claimed that he was to assume the interest on the mortgages from the coming March 1st, but that he was not to assume the principal of the mortgages in the written contract at all but was only to assume them when he should make the final payment and receive a deed. If the jury believed that each party was truly testifying to his understanding of the verbal arrangement, then the minds of the parties had never met upon that feature of the contract, and there had never been even a verbal contract of sale completed between the parties. Hughes was to be let into possession upon the payment of only $2,000, and it certainly would make a great difference to appellee whether Hughes was or was not to immediately assume the mortgages. According to appellee's proof, after it was found that the parties were not agreed upon the subject of the assumption of the mortgages, it was then proposed that Hughes pay the mortgages and enough cash to appellee to make $7,200, and give his

note to appellee for the remaining $8,800 of the consideration, and appellee asked him if he would secure that note by a mortgage on the farm and Hughes said that he would not. Thereupon appellee made inquiry at a bank concerning the financial responsibility of Hughes, and thereupon declined to accept the note unless it was secured by a mortgage upon the farm. Appellee then told Hughes that he was through with him, and left, and told appellant that he might find another purchaser. We are satisfied that the proof warranted the jury in finding that the minds of Hughes and appellee never met upon all the terms of a contract of sale. They were therefore warranted in finding for appellee.

The judgment is therefore affirmed.

*Affirmed.*